RANDOLPH LINSLEY vs. RICHARD TIBBALS.

The plaintiff had been negotiating with the defendant for a lease of a piece of ground, to be used as a strawberry garden. A few days after, he wrote the defendant enquiring whether he could have the land on the terms offered. The defendant wrote back, " Set your strawberries." Held, taken with the explanatory facts, to be a sufficient written memorandum to take the case out of the statute of frauds.

After the plaintiff had been some time in possession, it was discovered that the parties had misunderstood each other as to the amount of the rent; certain articles which the plaintiff supposed he had sold to the defendant, being claimed by the latter to have been taken under the original agreement as rent. The plaintiff, however, did not afterwards demand the articles, nor payment for them, but continued to occupy under the lease. Held, that the plaintiff was to be regarded as having assented to the terms of the defendant, and that his rights under the lease were not affected by the misunderstanding.

TRESPASS, *qu. cl. fr.*, brought to the Superior Court in New Haven County. Facts found, and case reserved for advice. The case is sufficiently stated in the opinion.

*Bronson* and *Bennett*, for the plaintiff.

*G. A. Fay*, for the defendant.

FOSTER, J. The plaintiff was desirous of raising a crop of strawberries on a patch of the defendant's land, but after some negotiation the parties differed as to the terms. The plaintiff offered $100 for the rent of the tract, which the defendant declined, but offered to take a mowing machine and a horse rake belonging to the plaintiff, which he valued at $110. The parties separated without coming to an agreement.

A few days after, the plaintiff wrote to the defendant to inquire if he could have the land on the terms proposed. The defendant replied : " Set your strawberries—Let me have mowing machine and horse rake." This was in May, 1865, and the plaintiff immediately went into possession of the land, set out his plants, and cultivated them during that spring and summer. By his letter he meant to offer $100,

only, for the use of the land, but the defendant supposed he meant to offer the machine and rake.

In July of the same year the defendant, supposing he was to have the machine and rake for the use of the land, sent to the plaintiff for them. The plaintiff delivered them, supposing the defendant wished to buy them. In the fall of the same year the plaintiff requested payment for those articles, which the defendant refused to make, claiming that they had been delivered and received by him in consideration of the use of the land.

As the parties thus differed concerning their contract, the defendant then insisted that the plaintiff should have nothing more to do with the land he had planted, but he did not return, nor offer to return, and has never returned, the machine or the rake, nor paid for the same; nor has the plaintiff since demanded such return or payment.

Nothing further was done on the land till the spring of 1866, when the plaintiff sent his men to hoe and tend the plants, and they were ordered off by the defendant. When the berries were ripe, the plaintiff again sent his men to gather them, but after picking a portion, they were again ordered off by the defendant, who gathered the crop, and disposed of it, claiming it as his own.

The Superior Court asks our advice as to the judgment to be rendered.

We advise judgment for the plaintiff. There was a contract made, the minds of the parties met, so far as the use and occupation of the land was concerned. The plaintiff worked the land during the season, and it was not until the autumn that it was discovered that a misunderstanding existed as to the rent. Nor was the contract then annulled or revoked. The defendant still kept the machine and rake, and made no offer to pay for them. He had insisted that the plaintiff should not occupy the land, except on condition of giving these articles in consideration. The plaintiff did not afterwards demand them, nor demand pay for them, but insisted on occupying, and did occupy the land the next spring. This, we think, was an assent to the defendant's terms; a tacit agreement on both sides.

"Set your strawberries," is certainly a brief form for a lease, but in the surroundings of this case we think such a memorandum, signed by the party, obviates any difficulty under the statute of frauds.

We advise judgment for the plaintiff, for the amount determined in the Superior Court.

In this opinion the other judges concurred.