### IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1880.

---

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
" GEORGE B. LAKE, } JUDGES.
" AMASA COBB,

---

MATHEWSON T. PATRICK, PLAINTIFF IN ERROR, v. JOSIAH S. McCORMICK, THE STATE BANK OF NEBRASKA, AND ALFRED BURLEY, SHERIFF, DEFENDANTS IN ERROR.

**Deed:** DELIVERY: TITLE. One P. executed a deed for certain real estate in the city of Omaha and delivered the same to W., a stranger, to be held by him until one M. should perform certain conditions, when said deed was to be delivered to M. In 1872 W., without the knowledge or consent of P., delivered said deed to M., who had wholly failed to perform any of the con-

---

NOTE.—A deed takes effect only from the time of delivery. Possession of the deed by the grantee, in the absence of opposing circumstances, is *prima facie* evidence of delivery, and the burden of proof is on him who disputes this presumption. *Roberts v. Swearingen*, 8 Neb., 371.—REP.

3

ditions to entitle him to the same. A judgment creditor of M. thereupon levied upon said real estate. Upon a petition being filed for an injunction to restrain a sale under the execution, *Held,* on demurrer to the petition, that no title passed by such delivery of said deed.

Error to the district court of Douglas county. Heard there upon demurrer to the petition before SAVAGE, J. Demurrer sustained and cause dismissed.

*Woolworth & Munger,* for plaintiff in error, cited *The People v. Bostwick,* 32 N. Y., 450. *Smith v. The Bank,* 32 Vt., 341. *Illinois C. R. v. McCullough,* 59 Ill., 170. *Souverbye v. Arden,* 1 John. Ch., 240. *Berry v. Anderson,* 22 Ind., 40.

*G. W. Ambrose,* for defendant in error, cited *Tool Company v. Norris,* 2 Wall., 53. *Marshall v. R. R. Co.,* 16 How., 314. *Wood v. McCann,* 6 Dana (Ky.), 366. *Clippinger v. Hepbaugh,* 5 Watts & S. (Pa.), 315. *Mills v. Mills,* 40 N. Y., 543. *Bryan v. Reynolds,* 5 Wis.; 200. *Collins v. Merrill,* 3 Met. (Ky.), 163. *Trustees v. Himes,* 5 Pa. St., 452. *Crawford v. Wick,* 18 Ohio St., 190. *Mayne v. Griswold,* 3 Sanf., 463. *Field v. Wilson,* 6 B. Mon., 479. *Badger v. Badger,* 2 Wall., 87. *District Township v. Boomer,* 40 Iowa, 601. *Humphrey v. Mattoon,* 43 Iowa, 556. Bigelow on Fraud, 455. *Lott v. DeGraffenried,* 10 Rich Eq., 346.

MAXWELL, CH. J.

This is a petition in error from the district court of Douglas county. The petition filed in the court below alleges in substance that Sophia Felix, a half-breed of the Sioux nation of Indians, holding certain scrip authorized to be issued under the act of Congress approved July 17, 1854, located the same upon the north half of the south-east quarter, and the south-east quarter of the south-east quarter of section 9, town 15,

range 13, in Douglas county, Nebraska, and on the third day of July, 1863, a patent was issued to her therefor: and she having intermarried with one David Garnell, they, on the twenty-fifth day of July, 1863, conveyed said land to the plaintiff; that while the application to locate said lands was pending in the land office, one Mathew W. Carrol entered said lands under the pre-emption act of 1841, and received the usual patent certificate therefor; that said Carrol asserted title to said lands adversely to plaintiff; shortly afterwards Carrol died, leaving a widow and several infant children; she having married one German, they revived said claims, and divers suits and actions were brought, and were long pending in court between them and said plaintiff, each claiming under the said rights and titles above stated; that the question arose in the course of said proceedings whether said lands were subject to location by said Sophia Felix with said scrip, said lands being within the limits of the city of Omaha; that while said controversy was pending the " plaintiff and the defendant McCormick entered into an agreement that said McCormick would, by purchase or otherwise, acquire or cause to be released the said claims of the said widow and children, and they being in possession of a small parcel of said lands, procure their removal therefrom, and pay one-half of all said plaintiff's expenses in and about said controversies, and would assist said plaintiff in procuring the passage by Congress of a confirmatory act, and in consideration thereof said plaintiff agreed to convey to him a part of said lands described as follows, viz.: the southeast quarter of the north-west quarter of the southeast quarter of section 9, town 15, range 13; and the south half of the north-west quarter of the northeast quarter of the north-west quarter of the southeast quarter of the same section; that said plaintiff's

deed for said land running to said defendant, as was agreed between them, was to be placed in the custody of one James M. Watson, and to be held by him pending the efforts of said defendant to carry out his part of said agreement, which he had represented to said plaintiff he could readily do, and upon his performance thereof, and not before, said deed was to be delivered to him by said Watson. The said agreement was reduced to writing and signed by said parties, but as the said plaintiff is informed and believes, it has been lost."

The petition also alleges that McCormick failed to perform all or any of the conditions of said agreement, although often requested to perform the same, and in consequence thereof the plaintiff has expended about said controversies the sum of $5000, and was compelled to pay said widow and children the further sum of $4000, no part of which has been paid by defendant, although often requested to pay the same.

It is also alleged that on or about the twenty-fourth day of February, 1872, without the knowledge or consent of plaintiff and without the performance of all or any of the conditions of said agreement, said Watson surrendered said deed to McCormick, who had the same recorded; that the delivery and recording of said deed were unknown to the plaintiff until about the fourth day of June, 1875; that the State Bank of Nebraska recovered a judgment against McCormick, upon which an execution was issued and levied upon the lands last above described, and has advertised said lands to be sold, etc. Wherefore plaintiff prays: 1. That said deed be declared null and void. 2. That McCormick be required to reconvey said premises free from incumbrances. 3. That the sheriff and the bank be restrained from selling said lands under said judgment, etc.

Patrick v. McCormick.

The defendants demurred to the petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action.  The demurrer was sustained and the cause dismissed.

Delivery is essential to the validity of a deed, and it takes effect only from the delivery.  The deed may be delivered to the grantee himself or to any other person authorized by him to receive it.  An escrow is a conditional delivery to a stranger, to be kept by him until certain conditions are performed, and then to be delivered to the grantee.  4 Kent Com., 454. But until the condition is performed and the deed delivered over, the estate does not pass, but remains in the grantor.  In the case at bar it is alleged in the petition that the deed for the land in question was placed in the hands of Watson, not to be delivered to McCormick until he had performed certain conditions, and that on or about the twenty-fourth of February, 1872, without the knowledge or consent of the plaintiff, and without the performance of any of the conditions of the agreement, Watson surrendered the deed to McCormick.  This being the case the title did not pass by such conveyance.  And as the execution could only be levied on the actual legal estate of McCormick in the premises in question, and the plaintiff still being possessed of the legal estate, the injunction should have been sustained.  The equitable interest of McCormick in the premises may, perhaps, in a proper case be reached by proceedings in aid of execution, but, so far as appears by the petition, is not liable to levy and sale upon execution.

We deem it unadvisable to determine on demurrer to the petition the question of the validity of the contract.  The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.