MICHAEL WIER, APPELLANT, v. HENRY BATDORF ET AL., APPELLEES.

1. **Deed:** ESCROW. The leaving of a deed by a grantor in the hands of his agents, awaiting the arrival of certain funds of the grantee, does not make such deed an escrow.

2. ———: DELIVERY OF DEED. Where a contract for the sale of real estate is entered into by parol, and a deed thereupon made by the grantor, and left in the hands of his agents to await the arrival of the money of the grantee, *Held*, There having been no delivery of the deed, that it was not available as a memorandum of a contract; nor would a certain mortgage and notes executed by the grantee, but not delivered, constitute part of such memorandum.

APPEAL from the district court for Douglas county. Tried below before NEVILLE, J.

*James W. Savage*, for appellant, cited: *Campbell v. Thomas*, 42 Wis., 441. *Thayer v. Luce*, 22 O. St., 62. *Drury v. Young*, 58 Md., 546. *McWilliams v. Lawless*, 15 Neb., 135. *Raybold v. Raybold*, 20 Pa. St., 308. *Bailey v. Sweeting*, 9 C. B. N. S., 843. *Argus v. Mayor*, 55 N. Y., 495. *Clark v. Gifford*, 10 Wend., 310. *Brittain v. Work*, 13 Neb., 347.

*John C. Cowin* and *George B. Lake,* for appellees, cited: *Comer v. Baldwin,* 16 Minn., 172. *Prutsman v. Baker,* 30 Wis., 644. *Parker v. Parker,* 1 Gray, 409. *Campbell v. Thomas,* 42 Wis., 437.

MAXWELL, J.

This is an appeal from a decree in equity.

The first paragraph in the petition is as follows: "The plaintiff complains of the defendants, Henry Batdorf and Lovenia Batdorf, for that, on or about the first day of November, 1882, the said defendant, Henry Batdorf, being the owner in fee of the following described premises, viz.: The east half of the north-east quarter and the east half of the south-east quarter in section 35, township 16, range 12, in Douglas county, Nebraska, on the said day sold the same to the plaintiff for the sum of $4,160, payment as follows: $2,000 to be paid down in cash on the 4th day of November, 1882, the balance to be in three equal payments, notes to be given secured by mortgage on said premises, and to become due in one, two, and three years thereafter; that thereupon said defendants, Henry Batdorf and his wife, Lovenia Batdorf, executed their warranty deed in due form, duly acknowledged, for said premises, and delivered the same in escrow to the defendants, Jones and Emory, who were their agents, to deliver to this plaintiff on the 4th day of November, 1882, upon the payment of two thousand dollars and the delivery to said Jones and Emory of the said notes and mortgage."

There are other allegations in the petition, as to the execution of certain notes and a mortgage by the plaintiff, ready for delivery to the defendants. There is also an averment of performance and of readiness to perform.

The defendants, in their answer, deny the existence of any contract for the sale of the real estate in controversy, and that the deed in question was delivered to Jones and Emory as an escrow.

On the trial of the cause the court found the issues in favor of the defendants, and dismissed the action. The plaintiff appeals.

The testimony tends to show that about the month of October, 1882, the defendants placed the land in controversy in the hands of Jones and Emory to find a purchaser for the same. These agents had no authority to sell, but were to consult their principals. About the last day of October, 1882, the plaintiff made a verbal offer of a specified sum for the land in question. This was communicated verbally by Mr. Jones to Henry Batdorf, and by him verbally agreed to. On the first day of November, 1882, Batdorf and wife went to the office of Jones and Emory, where a deed was prepared for them to sign. They were thereupon advised by Mr. Emory to go to a certain notary and acknowledge the deed. This they did. Henry Batdorf then took the deed and returned to the office of Jones and Emory, but retained the deed in his possession. In the meantime the plaintiff had executed a mortgage upon the land in question, with certain notes for the defendants. These were in the plaintiff's possession. The testimony shows that the plaintiff was to pay $2,000 in cash at the time of the delivery of the deed. Instead of cash, however, he offered a certificate of deposit on a bank in the eastern part of Iowa for the sum of $2,000. This Batdorf refused to receive. A friend of the plaintiff thereupon went to a bank in the city of Omaha to get the money, but returned soon afterwards, saying they would have to wait for the collection of the certificate. These transactions took place on Tuesday, and as it was apparent that the money could not be paid at that time, it seems to have been verbally agreed by all parties to wait until noon of the next Saturday, at which time the money would be paid. Before noon on Saturday the defendant, Batdorf, went to the office of his agents, Jones and Emory, and asked to see the deed, and upon receiving it put it in

his pocket. This Mr. Emory resisted, when the deed was returned to him, but the defendant declared that the contract "was off." At 12 o'clock, however, on Saturday, he went to Jones and Emory's office, but there was no tender of the money. Just before 2 o'clock P.M. on that day, Mr. Cannon, a friend of the plaintiff, went to a bank in Omaha and procured $2,000. Whether this was obtained from the certificate heretofore referred to does not appear, but we are led to infer that it was not. The proof as to tender of the $2,000 thus obtained is conflicting, and in any event is not material. The question presented is, whether the execution of these papers without any delivery would take the case out of the statute of frauds.

The action is based upon the delivery of the deed in escrow to Jones and Emory. A delivery in escrow is the delivery of the deed to a stranger with the direction that he shall deliver to the grantee upon the fulfillment by the latter of some condition, as the payment of a sum of money, the performance of some obligation, or upon the happening of some event, the grantor reserving the right to reclaim the deed if the condition is not fulfilled or the event does not happen. A delivery in escrow can be made only to a stranger, and until the condition be performed and that deed delivered over, the estate does not pass, but remains in the grantor. 4 Kent Com., 454. *Smith v. Bank*, 32 Vt., 341. *Hinman v. Booth*, 21 Wend., 267. *Worrall v. Munn*, 5 N. Y., 238. *Patrick v. McCormick*, 10 Neb., 1. Jones and Emory were the defendant's own agents, and could not hold the deed in escrow, and in any event the testimony fails to show authority in them to receive the money and deliver the deed. The deed, therefore, was not delivered in escrow.

2. Do the writings taken together constitute a sufficient memorandum to take the case out of the statute of frauds?

The plaintiff cites the case of *Thayer v. Luce*, 22 O. S.,

62, to sustain the position that such writings are sufficient. In that case there was a memorandum, as follows :   " L. T. Thayer is to clear off the present mortgage within ninety days.   At that time J. W. F. is to give him mortgage for amount unpaid, with interest from date of sale. J. W. F. is to pay taxes for 1868 (that is, on a fair proportion of the lots).   J. W. F. is to pay $1,875, and give mortgage for $937.50, due in one year, and same amount due in two years, with annual interest.   May 9, 1868. L. T. Thayer.   J. W. Fuller."

On the same day on which the above memorandum was made and delivered, Thayer and wife signed and acknowledged an instrument in writing in the usual form of a deed of conveyance, purporting to convey to the plaintiffs, Luce and Fuller, by a pertinent description, the real estate described in the petition, for the consideration of $3,750, and thereupon presented the instrument to Fuller, who approved of the same and returned the instrument to the defendant.   Upon this state of facts the court decreed specific performance.   This is the only case cited by the plaintiff which at all resembles the one at bar.

It will be observed that in the case cited the memorandum was sufficient, except in failing to describe the property sold, and the court treated the acceptance of the terms of the deed by Fuller as the completion of the contract, and as identifying the property sold.   The court, after saying that an undelivered deed is no evidence of a subsisting contract, say :   " We think, however, that a distinction may well be taken between an instrument of writing in the usual form of a deed of conveyance, which has never been delivered for any purpose, or which has been delivered for the purpose of transferring title, and a like instrument which has been delivered merely as an evidence on an executory contract, or as evidence in part of such contract.

"The distinction exists in the difference of intention with

which the acts were performed, and the true intent in either case must be determined by the circumstances of the act, by the *res gestæ*. It is perfectly clear that such an instrument delivered by the apparent grantor to the apparent grantee, under such circumstances as repel the conclusion that a transfer of title was intended, is inoperative as a conveyance. And it appears to me to be just as clear that the like delivery of such an instrument, under circumstances which show an intention to make a proposition to sell the property therein described on the terms therein written, is a legitimate and proper way to negotiate a contract of sale, and instantly that the terms thus proposed are accepted, the contract of bargain and sale is complete—not executed in fact by transfer of title, but executory and evidenced by writing signed by the vendor within the meaning of the statute. Nor does it matter in whose possession the instrument may afterwards be placed."

If the facts in the case under consideration brought it within those of the Ohio case, we would have no hesitancy in enforcing the contract.

In *Parker v. Parker*, 1 Gray, 409, the parties to an oral agreement to a sale of land went together to an attorney, and had a deed therefor drawn, and the grantor signed it and the grantee paid part of the consideration, and after both parties had looked at the deed and expressed themselves satisfied with the form of it, the grantor took it for the purpose of procuring from his wife a release of dower. The court held that there had been no delivery of the deed, and that it did not take effect, either as a deed or as a memorandum in writing. The court say (p. 411): "The parties separated without any act having been done equivalent to a delivery of the deed, and nothing further was done to give effect to the instrument as a deed. The instrument was therefore not operative to pass any title, or lay the foundation for a bill in equity to recover possession of the deed. It was further urged that, if the

instrument was not valid as a deed, it might be considered as a memorandum in writing, signed by the party agreeing to convey the real estate therein described, and thus authorize a decree in equity to make a conveyance. But in regard to this, the same difficulty exists. As a memorandum in writing stipulating to convey the land, to make it operative it must have been executed, and delivered to the plaintiffs, or some one in their behalf." See also *Comer v. Baldwin*, 16 Minn., 172. *Prutsman v. Baker*, 30 Wis., 644.

We have made a pretty thorough search, but have been unable to find any case which sustains the position that an undelivered deed may be treated as a memorandum in writing. A few cases, perhaps, may be found where it has been held that a memorandum need not be delivered, but the better rule is, that delivery is required. There is a class of cases where letters have been addressed to a third party stating and affirming the contract, in which such letters may be used against the writer as evidence of the contract. It is sometimes said that such letters may be used as a memorandum of the contract. In fact, however, such letters are independent evidence, or admissions by the party to be charged, of the existence of the contract and its nature, and being delivered to a third party, and thus beyond the control of the writer of the letters, they are held to be admissible against such party as admissions in writing. In a proper case there is no doubt of the admissibility of such evidence, but the rule if invoked in this case would not aid the plaintiff. Here the contract rested in parol, neither party being bound until the delivery and acceptance of the deed. The case, therefore, comes clearly within the statute of frauds, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.