FESSENDEN I. DAY, EXECUTOR, in equity,

*vs.*

FRANK LACASSE, and others.

Androscoggin.    Opinion December 29, 1892.

*Deed.  Escrow.  Statute of Frauds.  Specific Performance.*

A deed to be delivered in *escrow* must be delivered to a stranger, to be by him delivered, upon the happening of some contingency, or upon the performance of some condition, and the deed becomes effectual as a delivered instrument only upon such second delivery.

It cannot be delivered in *escrow* to the agent or attorney of the grantor. Nor to the agent or attorney of the grantor.

Where a deed from the grantor and a mortgage from the grantee are made in pursuance of a verbal contract of sale of real estate, but not delivered, they cannot be used as a memorandum within the statute of frauds upon which to enforce specific performance in equity.

IN EQUITY.

This was a bill for specific performance, heard in the court below on bill, answers and proofs. A decree sustaining the bill was ordered by the court and the defendants appealed.

The case appears in the opinion.

*White and Carter*, for plaintiff.

Deed, mortgage and note sufficient memorandum under statute of frauds.  Browne, Stat. Frauds, § § 346, 348, 382; *Beckwith* v. *Talbot*, 95 U. S. 289 ; *Williams* v. *Robinson*, 73 Maine, 186 ; *Lerned* v. *Wannemacher*, 9 Allen, 412 ; *Fessen. den* v. *Mussey*, 11 Cush. p. 127 ; *Salmon Falls Manf'g Co.* v. *Goddard*, 14 How. 446 ; *Hurley* v. *Brown*, 98 Mass. 545 ; *Mead* v. *Parker*, 115 Mass. 415 ; *Campbell* v. *Thomas*, 42 Wis. 437 (Am. Rep. 427).

Delivery : Where the future delivery is to depend upon the payment of money, or the performance of some other condition, it will be deemed an escrow.  *Foster* v. *Mansfield*, 3 Met. 414-415 ; *Regan* v. *Howe*, 121 Mass. 426 ; 3 Wash. R. P. p. 271 ; *Shirley* v. *Ayers*, 14 Ohio, 307 (45 Am. Dec. 546), and cases.

*Newell and Judkins*, for defendants.

FOSTER, J.  Bill in equity in which the complainant seeks for the specific performance of an alleged contract for the sale of real estate.

The defendants in their respective answers demur to the bill and invoke the statute of frauds.  They raise, therefore, issues both of fact and law.

The defendant Lacasse made a trade with Daniel Holland to purchase of him a lot of land and to pay therefor the sum of $2500,— $200 of which were to be paid in cash, and balance in notes secured by mortgage upon the land.  Pursuant to this agreement an attorney was called in by Holland to make the papers.  This being done, the papers were read over to Holland who signed and executed the deed and delivered the same to the attorney with instructions to hold the same until Lacasse executed the notes and mortgage and paid over the $200, and then to have the deed and mortgage recorded, and deliver the notes and money to him.  Holland at this time was sick and confined to his house.  Either the same day or the day follow-

ing the signing of the deed, Lacasse went to the attorney's office where the papers were read over to him, after which he signed the notes and executed the mortgage, but not having the $200 with him requested the attorney to retain the papers until he brought the money which he said he would do that afternoon or the next day. Shortly after that, Holland died before anything further was done.

The defendants admit the execution of the deed, mortgage and notes, and their deposit with the attorney, but claim that the duty of Lacasse to pay the $200 and accept the deed was contingent upon the quality or condition of the land as determined by a test made in accordance with an agreement or understanding with Holland. Upon this the parties are at issue. No possession of the land was ever taken by Lacasse under the contract.

Upon the foregoing facts the complainant maintains that the deed, mortgage and notes were delivered by the parties to the attorney in *escrow*; and that they together constitute a sufficient memorandum of the contract of sale to take the case out of the operation of the statute of frauds.

Unless the fact not only of the execution but also of the delivery of the deed is established, the transaction amounts to nothing more than an unexecuted oral contract to convey land. It is not pretended that there was any delivery of the deed in fact; and certainly there was never any delivery of it in *escrow* within the legal meaning of the term. A deed to be delivered in *escrow* must be delivered to a stranger, to be by him delivered upon the happening of some contingency, or upon the performance of some condition, and the deed becomes effectual as a delivered instrument only upon such second delivery. It can not be delivered in *escrow* to the agent or attorney of the grantor, because the possession of the grantor's agent or attorney is the grantor's possession, and revocable by him. *Wier* v. *Batdorf*, 24 Neb. 83; *Raymond* v. *Smith*, 5 Conn. 559. Nor to the agent or attorney of the grantee, for then it is equivalent to a delivery to the grantee himself. *Hubbard* v. *Greeley*, 84 Maine, 340.

In this case the party with whom the deed was left was the attorney of Holland, the grantor, as the evidence shows. He had made his will, as well as this deed, and was then acting as his legal adviser. Hence there was no delivery. The transaction in respect to the delivery of the deed by the grantor, or the acceptance of the same by the grantee, obviously was not completed. Something yet remained to be done before the deed was delivered and accepted. Were this not so, the deed would have been passed over at once. The instructions of the grantor to his attorney were to retain it till a certain sum of money was paid by the grantee, which was never done. The instrument, therefore, was inoperative to pass any title. *Parker* v. *Parker*, 1 Gray, 409. And notwithstanding Lacasse had executed the mortgage and notes, and left them in the hands of the attorney who held the deed, this was not done with any intention to create vested rights, or as a completed transaction, because further acts remained to be done,—and if at that time there had been no delivery of the deed there was nothing to mortgage.

However effectual, therefore, these papers might have been as constituting a sufficient memorandum of the contract of sale to comply with the statute of frauds, had there been a delivery, yet without such delivery they are ineffectual. Thus, in *Parker* v. *Parker*, *supra*, it was held that papers of conveyance made in pursuance of a verbal contract for the sale of real estate and not delivered, could not be used as a memorandum within the meaning of the statute of frauds; and that if not delivered so as to take effect as documents of conveyance, they were not delivered so as to take effect as a memorandum upon which to enforce specific performance in equity. The same doctrine is laid down in *Wier* v. *Batdorf*, *supra*.

The entry must therefore be,

*Appeal sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.