GEORGE M. WOODRUFF, TRUSTEE, *vs.* ELLIOTT L. BUTLER.

First Judicial District, Hartford, May Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A letter of the defendant acknowledging that the lease sent to him for his signature by the plaintiff, who had already executed it, was "all right," is a sufficient compliance with the statute of frauds. The two papers, taken together, constituted a complete agreement in writing, duly executed by each party, in which all prior negotiations were merged.

Under such circumstances it is immaterial that when the oral agreement for a lease was made it was mutually understood that a written lease should be executed by both parties; or that there were prior or subsequent misunderstandings between the parties.

Questions of law must be "distinctly" raised below, in order to lay the foundation for an appeal; that is, so stated as to bring to the attention of the trial court the precise matter on which its decision is asked. A general claim of variance between allegation and proof does not comply with this requirement.

In an action to recover rent, a variance between the date of the alleged and proved hiring is immaterial.

A statement in the finding, that exhibits *A*, *B*, etc., attached thereto, were received in evidence and from them certain of the conclusions of fact and law were drawn, makes such exhibits a part of the finding as fully as if each were incorporated in it at length.

Claims not made by the appellant until too late to form the basis of an appeal, need not be recited in the finding.

Argued May 5th—decided June 10th, 1903.

ACTION for rent of a house, brought to the Court of Common Pleas for Litchfield County and tried to the court, *Welch, J.*; judgment for plaintiff, and appeal by defendant. *No error.*

The following facts were found: The defendant's wife was his agent to hire a furnished house for the summer. The house in question was shown her by the plaintiff's broker, and the bounds of the house-lot pointed out. She offered $600 for its use, as then furnished, for four months, and the offer was accepted. The house was then occupied by a Mrs. Wiggin, for whom and others the plaintiff was trustee. It was agreed that a written lease should be sent to the defendant. One was executed by the plaintiff, giving the bounds of the lot, and describing the house as a "certain fully furnished dwelling-house," and the rent as payable in monthly payments of $150 each; and the broker sent it to the defendant by mail. It was in the form of an indenture between the parties with reciprocal covenants by each and the concluding clause was: "In witness whereof the parties have hereunto set their hands and seals this 12th day of May, 1902." The defendant then first learned who owned the house. He wrote back to the broker on May 14th that the lease was all right; asking if its return was desired; and adding that if returned he should have nothing to show as evidence of his rights. The broker at once replied by mail that he wished its return, but would have it recorded or give him a copy of it, if desired. Meanwhile Mrs. Wiggin had made some requests to Mrs. Butler as to the furniture to be left in the house, and the use of the garden. This occasioned dissatisfaction, and on May 17th the defendant wrote the broker, returning the lease and saying that he had decided not to take the house. He did not, and Mrs. Wiggin continued in its occupancy. This action was brought after the lapse of three months of the term specified in the lease, for three months' rent, and the judgment was for $450.

*Wilbur G. Manchester*, for the appellant (defendant).

*George M. Woodruff*, for the appellee (plaintiff).

BALDWIN, J. The lease sent to the defendant was so executed as to bind the plaintiff. As soon as the defendant wrote back that it was "all right," the statute of frauds was satisfied, and it bound him. It was the evident intention of the broker when the lease was sent, that the defendant should sign, seal, and return it. But that he did not do so made it none the less a written memorandum of an agreement for the transfer of an interest in land signed by the owner ; and the defendant's letter referring to it, and stating his assent to its terms, was a written memorandum of the same agreement, signed by the party to charge whom the action has been brought. These two papers, taken together, constituted a complete agreement in writing, duly executed by each party.

The defendant asks a correction of the finding, so that it may state explicitly that at the time when the oral agreement for a lease was made, it was mutually understood that a written lease should be executed by both the parties. Such a correction would be immaterial. The lease as executed by the plaintiff correctly set forth the agreement, and was in proper form. To carry out the understanding claimed, it only remained, therefore, for the defendant to execute it. If instead of this he signified his assent by signing another paper, such a deviation from the oral agreement could not vary the rights of the other party. The oral contract was now merged in the written one.

The complaint sets out a lease of a " house and lot." The proof showed a lease of a " fully furnished dwelling-house " on this lot. It is made a reason of appeal that this constituted a fatal variance. The only claims of this nature made before the trial court were " that the material allegations of the complaint did not aver the facts established by the evidence, or, in other words, that there was a material variance between allegations and proof," and that " the contract, if any, established by the proof was not the one set out in the complaint, but was one made at a different time in a different

manner, and covering a materially different subject-matter." The language of these claims was too general to point with the necessary clearness to the subject of the variance; and under our rules of practice, can lay no foundation for an appeal. Questions of law which are made in a trial court must be " distinctly " stated; that is, so stated as to bring to the attention of the court the precise matter on which its decision is asked. To present the point now set up, the claim upon the trial should have been, not simply that there was a variance, or that the agreement alleged and that proved covered "a materially different subject-matter;" but that the lease alleged was of a house and lot, and that, if any, proved, of a fully furnished house and lot.

It is also contended that although the complaint alleges a hiring on May 10th, the proof was of a hiring on May 14th. The date alleged was immaterial. The real hiring was when the written lease was accepted by the defendant.

This acceptance merged all the prior negotiations in a completed contract, the terms of which neither party could thereafter vary without the consent of the other. This renders unimportant the exceptions taken to the judgment on account of prior or subsequent misunderstandings between the parties or those claiming to represent them.

Exceptions were taken to the finding because it does not formally state that certain written exhibits attached to it are made part of it. As to these it recites that they were received in evidence and marked Exhibit A, Exhibit B, etc., and that, in view of them, certain of the conclusions of fact and law were reached. This makes them a part of the finding as fully as if each were incorporated into it at length.

The finding states that the plaintiff is trustee for Mrs. Wiggin and others; and this is excepted to as a fact found without evidence. The record shows that the parties agreed upon the trial that he was trustee for her, and discloses no evidence that there were others to share in the benefits of the trust. This exception we might support if it were material. It is, however, important only as bearing on another exception to the finding because that does not state that

the defendant claimed upon the trial that in estimating the damages allowance should be made for the continued use of the premises by Mrs. Wiggin, throughout so much of the term of the lease as had elapsed when the suit was brought. That exception is not well taken. The finding could not properly contain such a statement, for no such claim was in fact made upon the trial. It was first set up after the judgment, as a basis for a ground of appeal, and for that purpose it came too late.

There is no error.

In this opinion the other judges concurred.