# JESSE VAN VALKENBURG v. FRANK B. ALLEN and Another.[1]

## July 1, 1910.

## Nos. 16,652—(86).

**Delivery of deed — action to compel delivery.**

Deeds were sent by the vendor in a contract for sale of land to a bank for delivery to the vendee on payment of a named sum. The vendee tendered a less amount, and offered to pay what balance should be found due to the vendor on an accounting. The bank was not named in the contract as a repositary in escrow: It is *held* that the bank was merely an agent of the vendor, and that under these circumstances an action did not lie against it to compel the delivery of the deed.

**Escrow.**

An "escrow" is a deed delivered to some third person to be by him delivered to the grantee on the performance of some precedent condition by the grantee or another or the happening of some event. If the instrument remains in the dominion of the maker, it is not an escrow. To constitute an escrow the deed must be delivered to a third person, and not to the agent of the grantor.

Action in the district court for Hennepin county by the executor of the estate of John G. Lund, deceased, against Frank B. Allen and the Hennepin County Savings Bank for an accounting, and for judgment directing defendant bank to deliver certain conveyances to plaintiff upon receipt from plaintiff of the amount found to be due defendant Allen therefor. Plaintiff obtained an order on defendant bank to show cause why a temporary injunction should not issue to restrain it from returning to defendant Allen the five deeds in question. The bank then answered and a temporary injunction was granted by Dickinson, J. Defendant bank subsequently moved to dissolve the injunction and dismiss the case upon the grounds stated in the opinion, and the motion was granted, Holt, J. From

[1] Reported in 126 N. W. 1092.

the order dissolving the injunction and dismissing the action as to defendant bank, plaintiff appealed. Affirmed.

*J. 'Van Valkenburg,* pro se.

*Ell Torrance,* for respondent Hennepin County Savings Bank.

JAGGARD, J.

Plaintiff and appellant, the executor of one Lund, deceased, brought this action against the defendant and respondent Allen and a corporation hereinafter referred to as the bank. The complaint set forth in effect that in 1906 Lund and Allen executed a written contract for the sale of land by Allen to Lund; that during his life. Lund paid $27,180 on this contract; that Allen placed in escrow in possession of the bank, within the jurisdiction of the court, deeds to. the said land, to be delivered on the payment of $5,045.02; that plaintiff tendered to said defendants the sum of $1,513.58 in full payment of the deeds, after deducting pro rata for premises agreed to be withdrawn from the contract, and was willing to pay such other and further sum as on accounting should be found due. Plaintiff demanded judgment for an accounting, and for a decree directing the bank to deliver the conveyance to this plaintiff upon the receipt of the amount found to be due. The other allegations are not material here. On application of the plaintiff, the court restrained the bank from parting with the deeds of conveyance until the final determination of the action.

Defendant bank moved to dissolve the temporary injunction and to dismiss the action, on the grounds that the summons therein had not been served on defendant Allen, a nonresident, who had not appeared in said action, and who had had no property within the jurisdiction of the court since the commencement of the action; that the complaint did not show that any judgment for money or damages could be entered against Allen; that the property in dispute was situated in North Dakota; that the deed sought to be delivered to plaintiff ran to grantees other than the plaintiff; that, if defendant delivered the deeds contrary to the terms authorized, it would be subject to. an action for damages by Allen; and that an action was pending in the courts of North Dakota by plaintiff against Allen to enforce specific

performance of the contract. The court granted. the motion, dissolved the injunction, and dismissed the action. This appeal was taken from that order.

The present controversy is within narrow limits. Plaintiff insists that neither Allen nor any one else had any right to impose terms, to be enforced by the depositary to whom the deeds had been sent for collection, differing from the agreements of the parties in the contract for deed, and that if the attempt were made the conditions thus prescribed did not supersede the original terms set forth in the contract. This specific proposition is sound enough. 11 Current Law, 1274. And see Naylor v. Stene, 96 Minn. 57, 104 N. W. 685. But it is not applicable to the case at bar. A brief inquiry into the nature of an escrow will demonstrate this.

"An escrow * * * is a deed delivered to some third person, to be by him delivered to the grantee upon performance of some precedent condition by the grantee or another, or the happening of some event." Duncan v. Pope, 47 Ga. 445, 451; 3 Words & Phrases, 2464. If the instrument remains under the dominion of the maker, it is not in escrow. Anderson v. Goodwin, 125 Ga. 663, 54 S. E. 679; Rendlen v. Edwards, 116 Mo. App. 390, 92 S. W. 731; Devlin, Deeds, §§ 282, 283, 324. The deed must be delivered "to a third person, and not to the grantee himself." 3 Words & Phrases, 2466. Nor "to the agent or attorney of the grantor, because the possession of the grantor's agent or attorney is the grantor's possession, and revocable by him. Wier v. Batdorf, 24 Neb. 83 [38 N. W. 22]; Raymond v. Smith, 5 Conn. 559. Nor to the agent or attorney of the grantee, for then it is equivalent to a delivery to the grantee himself. Hubbard v. Greeley, 84 Me. 340, 24 Atl. 799, 17 L. R. A. 511." Foster, J., in Day v. La Casse, 85 Me. 242, 27 Atl. 124, 125. The depositary must be the agent of both parties. Davis v. Clark, 58 Kan. 100, 48 Pac. 563.

The case did not involve an escrow in the technical sense. There was no delivery to a custodian in pursuance to an agreement of the parties to the transaction, either express or implied. The bank was not a party to the agreement, and was in no wise agreed upon by the parties as the custodian. It was merely Allen's agent; its pos-

session was Allen's possession; the deed it received was under Allen's control and dominion. The principle to which defendant refers us does not apply. Wier v. Batdorf, supra; Day v. La Casse, supra; Fitch v. Bunch, 30 Cal. 209, 213; Miller v. Sears, 91 Cal. 282, 27 Pac. 589, 25 Am. St. 176; Shults v. Shults, 159 Ill. 654, 43 N. E. 800, 50 Am. St. 188.

In this view of the case it is unnecessary to consider the further question raised by respondent.

Affirmed.