ABRAHAM SHELINSKY *vs.* JOHN E. FOSTER ET ALS.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

A finding that a deed was left by the grantor in the hands of his own attorney to hold, as such, pending the performance by the grantee of the conditions of a contract of sale, is equivalent to a finding that it was not delivered in escrow.

To be available as a variance, the disagreement between the allegations and proof must touch some matter essential to the charge or claim.

The date of an alleged oral contract for the sale and purchase of real estate is not ordinarily an essential matter, and therefore need not be proved precisely as alleged.

Proof of the execution and delivery of one sufficient memorandum of

such a contract is all that is necessary, even though the plaintiff may have alleged two or more.

The note or memorandum of sale required by the statute of frauds must state the contract with such certainty that its essentials can be known from the memorandum itself without the aid of parol proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it, and the parties to it, so as to furnish evidence of a complete agreement.

It was formerly the rule of the courts that no paper could be used to help out the memorandum unless incorporated in it by reference in the memorandum itself. This rule is no longer followed. Parol evidence is now admitted to show the situation of the parties and the circumstances attendant upon the transaction, for the purpose of applying the contract to the subject-matter, and of showing the connection with each other of different writings constituting the memorandum.

In the present case the memorandum, which was signed by the vendor's agent, certified that he had received from the vendor a deed to land on a specified city street, which was to be delivered to the plaintiff upon the payment to the agent of a stated sum within three months from the date of the memorandum. *Held:*—

1. That parol evidence was admissible to identify the deed referred to in the memorandum as the one executed and delivered by the vendor to his agent and which conveyed the land in question to the plaintiff.

2. That such memorandum, supplemented by the deed describing the land, satisfied the requirements of the statute of frauds.

One who buys land with full knowledge that its owner has contracted to sell it to another, takes it subject to all the equities of the latter.

The refusal to permit further amendment of a complaint after the close of the testimony, is a matter within the discretion of the trial court.

Argued January 21st—decided June 13th, 1913.

ACTION to enforce the specific performance of an oral contract for the sale of real estate, and for other equitable relief and damages, brought to and tried by the Superior Court in Fairfield County, *Burpee, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *Error in part.*

The material facts found are as follows: On February 16th, 1910, the defendant Foster orally agreed with the plaintiff to sell to him a piece of land on At-

lantic Street in Bridgeport, one hundred feet front and one hundred and twenty-five feet deep, for the sum of $3,000, and the plaintiff thereupon paid Foster $25 on account of said purchase price and agreed to pay the balance within ten days. On the same day Foster signed and delivered to the plaintiff a memorandum of said agreement in the words and figures following:—

"Bridgeport, Conn., Feb. 16th, 1910.

Received of Abraham Shelinsky, twenty-five dollars on account of purchase price of lot on Atlantic Street, 100 feet front by 125 feet deep. The full amount of purchase price to be three thousand dollars. Balance to be paid within ten days from date.

JOHN E. FOSTER."

The plaintiff did not pay the balance of the purchase price, or any part thereof, within ten days from the date of the memorandum, or do anything toward the performance of the agreement.

On February 28th, 1910, the plaintiff called upon the defendant Foster, and requested him to carry out the agreement expressed in the memorandum. Foster refused, because the time for the payment of the balance of the purchase price had expired. The plaintiff then requested Foster to make a new agreement with him. Foster refused to make any new agreement until he had consulted his attorney, the defendant Peck. Thereupon the plaintiff and Foster went to Peck's office and the plaintiff produced and surrendered to Peck the memorandum of February 16th, 1910. Thereupon it was orally agreed by the plaintiff and Foster that the plaintiff would buy a portion of Foster's said land having a frontage on Atlantic Street of one hundred feet and a depth of one hundred and fifteen feet, subject to certain conditions relating to certain uses and easements; that the plaintiff should pay Foster at once $300, including

therein the $25 paid February 16th, 1910, and the balance, $2,700, within three months, with interest from date; that Foster should at once execute a deed of said land to the plaintiff, and leave the same in the possession of Peck as Foster's attorney; and that, if the plaintiff, within ninety days from date, should pay to Peck said balance of $2,700 with interest, Peck should deliver said deed to the plaintiff.

After this oral agreement had been made, the plaintiff paid Foster $275, the defendant Peck drew up a deed of the land, the defendant Foster executed the same and left it in the hands of Peck, to be by him delivered to the plaintiff when called for, according to the terms of said oral agreement. Thereupon, at the plaintiff's request, Peck, acting as a duly-authorized attorney of Foster, signed and delivered to the plaintiff a writing, a copy of which is attached to the complaint and marked "Plaintiff's Exhibit A," and is as follows:—

"Bridgeport, February 28th, 1910.

This is to certify that I have received from John E. Foster of Bridgeport, a deed to land on Atlantic Street in said Bridgeport. That said deed is to be delivered to Abraham Shelinsky on the payment to me of the sum of two thousand and seven hundred dollars, with interest from this date. That said payment is to be made within three months from this date.

CHARLES H. PECK."

No other deed to the plaintiff was ever made by Foster.

On or before March 8th, 1910, the defendant Bryant bought said land of Foster, being the same land described in the deed of February 28th, 1910, and subject to the same conditions and restrictions expressed in said deed to the plaintiff, and received from Foster a deed thereof, which he caused to be duly recorded. Bryant

at the time of taking this conveyance knew that Foster had contracted to sell the land to the plaintiff,. and bought the land for the purpose of preventing the plaintiff from obtaining any title therein, and for the purpose of preventing the plaintiff from acquiring and using said land in the manner in which he intended to use it.

On March 9th, 1910, the plaintiff tendered to Peck and Foster $2,700 with interest, and demanded the delivery of said deed to him, but delivery was refused.

*William H. Comley, Jr.*, and *Henry E. Shannon*, for the appellant (plaintiff).

*Robert E. DeForest*, with whom was *Jacob B. Klein*, for the appellees (defendants).

BENNETT, J.   Upon the trial of this case, and at the close of the testimony, the plaintiff's counsel moved to be permitted again to amend his amended complaint by setting out the true memorandum of February 16th, 1910, and the oral agreement claimed to have been made on February 28th, 1910, in the office of the defendant Peck.   The case had been pending in court more than two years, and the complaint had been repeatedly amended.   Leave to amend was denied.   This ruling was fully within the discretion of the court.   *Bristol* v. *Pitchard*, 81 Conn. 451, 71 Atl. 558.

The plaintiff alleged in his complaint, and offered evidence to prove, that the deed of February 28th, 1910, executed by the defendant Foster and left by him in the hands of. the defendant Peck, was delivered in escrow.   The court has found that the deed was left by Foster in the hands of Peck as his, Foster's, attorney. This is equivalent to a finding that the deed was not delivered in escrow.   *Grilley* v. *Atkins*, 78 Conn. 380, 387, 62 Atl. 337; *Day* v. *Lacasse*, 85 Me. 242, 27 Atl. 124.

The plaintiff does not question this conclusion, but has made a motion for a correction of the finding in this respect, which motion was denied in the trial court, and exception taken to this ruling. We have examined the evidence certified, and find no reason to change the finding.

The Superior Court held that there was a material variance between the allegations of the complaint and the plaintiff's proof. It appears from the facts found that the plaintiff and Foster on the 16th of February, 1910, entered into an oral agreement for the sale by Foster to the plaintiff of a lot of land one hundred feet front and one hundred and twenty-five feet deep, and that on the same day Foster executed and delivered to the plaintiff a memorandum of said agreement. It also appears that the parties afterward, on the 28th day of February, 1910, entered into another and different oral agreement, for a sale by Foster to the plaintiff of a part of the lot contracted for on February 16th, 1910, and that Foster executed a deed of this smaller lot, and left it in the hands of Peck as his attorney, who, authorized by Foster, made and delivered to the plaintiff a memorandum in writing. The complaint alleges that an agreement for the smaller lot was made on February 16th, 1910, and that Foster on that day executed and delivered to the plaintiff a memorandum of the agreement in writing, and that in pursuance of said agreement Foster, on the 28th day of February, 1910, executed a deed of the premises to the plaintiff, and delivered it to Peck, and authorized Peck to deliver the same to the plaintiff upon payment by the plaintiff of an agreed consideration therefor, and that Peck, authorized so to do by Foster, delivered to the plaintiff a memorandum of agreement, a copy of which was annexed to the complaint.

It is plain, therefore, that there is a variance between

the plaintiff's allegations that the agreement on which he bases his action was made on the 16th of February, 1910, and his proof that the agreement was made on the 28th of February, 1910. It is also clear that while he alleges that there was one memorandum of agreement executed and delivered by Foster on the 16th day of February, 1910, and another by Foster's agent on February 28th, 1910, that he has proved only the latter. The characteristics of a material variance under our practice have been so recently defined by this court that it is not now necessary to further consider them. *Maguire* v. *Kiesel*, 86 Conn. 453, 85 Atl. 689. "A variance . . . to be available, must be 'a disagreement between the allegations and the proof in some matter . . . essential to the charge or claim.'" *Plumb* v. *Griffin*, 74 Conn. 132, 136, 50 Atl. 1. The plaintiff's claim is based upon an agreement for the sale to him of the smaller of the two pieces of land above referred to. It was not essential that he should prove that such agreement was made upon the precise day stated in the complaint. Nor was it necessary for him to prove the execution and delivery of both of the memoranda alleged. Having proved one, he has made out a cause of action as he has alleged it. There is error in the ruling that there was a fatal variance between the allegation and the proof.

The principal question in this case arises upon the sufficiency of the memorandum of February 28th, 1910, and whether it is good within the statute of frauds to enable the plaintiff to maintain his action for equitable relief. The general rule of law is stated in *Nichols* v. *Johnson*, 10 Conn. 192, 198: "The note or memorandum of sale, required by the statute, must state the contract with such certainty, that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other

writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." In the present case the deed executed by Foster and left in the hands of Peck, as his attorney, and the memorandum of Peck, the agent of Foster, if they may be read together, and the deed referred to in the memorandum identified, state the contract with such certainty that the subject of the sale, the terms of it, and the parties to it, clearly appear. The difficulty in the case arises in the identification of the deed referred to in the memorandum. It is urged by the defendants that, as mentioned in the memorandum, it is not a "writing or thing certain," and cannot be found to be so without the aid of parol proof, and that parol proof offered to make it certain cannot be considered. The court has found, by the aid of parol proof, facts which identify the "deed" referred to, as the deed executed by Foster on February 28th, 1910, and left in the hands of his attorney. If this proof can be considered, then the reference in the memorandum is to a writing certain.

It was formerly the rule of the courts that no paper could be used to help out the memorandum unless incorporated in it by reference in the memorandum itself. This rule is no longer followed. Now, parol evidence is admitted "to show the situation of the parties and the circumstances attendant upon the transaction for the purpose of applying the contract to the subject-matter, and of showing the connection of different writings constituting the memorandum with one another." *Lee* v. *Butler*, 167 Mass. 426, 428, 46 N. E. 52; *Nickerson* v. *Weld*, 204 Mass. 346, 356, 90 N. E. 589. The difference between the two rules is well explained and illustrated in *Oliver* v. *Hunting*, L. R. 44 Ch. Div. 205. See also *Beckwith* v. *Talbot*, 95 U. S. 289; *Ryan* v. *United*

*States,* 136 U. S. 68, 83, 10 Sup. Ct. Rep. 913; *Cave* v. *Hastings,* L. R. 7 Q. B. D. 125; *Ridgway* v. *Wharton,* 6 H. L. Cas. 238; *Waring* v. *Ayres,* 40 N. Y. 357; *Field* v. *Kieser,* 77 Misc. (N. Y.) 105, 135 N. Y. Supp. 1094; *Freeland* v. *Ritz,* 154 Mass. 257, 28 N. E. 226; *White* v. *Breen,* 106 Ala. 159, 19 So. 59, 32 L. R. A. 127; *Flegel* v. *Dowling,* 54 Or. 40, 50, 102 Pac. 178, 181.

Although this court has never in terms held that parol evidence is admissible and should be considered to identify a paper referred to in a memorandum of sale, the admissibility of such evidence has been assumed in certain of its decisions. *Woodruff* v. *Butler,* 75 Conn. 679, 55 Atl. 167; *Linsley* v. *Tibbals,* 40 Conn. 522; *Grant* v. *New Departure Mfg. Co.,* 85 Conn. 421, 83 Atl. 212. In the cases of *Hodges* v. *Kowing,* 58 Conn. 12, 18 Atl. 979, and *Andrew* v. *Babcock,* 63 Conn. 109, 26 Atl. 715, the court considered the admissibility of extrinsic evidence to identify the land described in the memorandum, but did not decide the question.

We hold in the present case that the facts found by the court upon parol evidence, which identified the deed referred to, to a certainty, should have been considered. In the light of this identification, the memorandum and deed, read together, constitute a sufficient memorandum within the meaning of the statute of frauds to enable the plaintiff to sustain his action.

The record discloses no cause of action against the defendant Peck.

The defendant Bryant is found to have purchased the premises in question of the defendant Foster with knowledge of the agreement between the plaintiff and Foster, and subject to the equities existing between them.

There is no error in the judgment in favor of the defendant Peck, and as to him the judgment is affirmed. There is error in the judgment in favor of the defend-

ants Foster and Bryant, and as to these defendants the judgment is reversed, and the Superior Court is directed to enter a judgment in favor of the plaintiff against the defendant Bryant, that upon the tender to him by the plaintiff of the sum of $2,700 he shall forthwith execute and deliver to the plaintiff a good and sufficient deed of the said premises conveyed to him by said Foster, containing the same terms and conditions as are contained in the said deed from the said Foster to him, and for the costs of suit; and against the defendant Foster for the costs of suit.

In this opinion the other judges concurred.