E. LeGrand Beers *vs.* Joseph T. Hubbard et al.

Third Judicial District, Bridgeport, October Term, 1926.

Wheeler, C. J., Curtis, Maltbie, Haines and Hinman, Js.

One who takes title to land with full knowledge that the owner has contracted to sell it to another, does so subject to all the equities of the latter.

Argued November 14th—decided December 16th, 1926.

Beers *v.* Hubbard.

ACTION for an injunction restraining the conveyance of certain real estate, for a decree cancelling a mortgage deed and a quitclaim deed, and for specific performance of a contract for the sale of said real estate, brought to the Superior Court in Fairfield County and tried to the court, *Banks, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Henry E. Shannon* and *Charles A. Hallock,* for the appellants (defendants).

*Raymond E. Hackett,* for the appellee (plaintiff).

PER CURIAM. Under the finding the defendant, Joseph T. Hubbard, on December 6th, 1924, held the record title to certain land in Connecticut, subject to certain small mortgages not involved in this action. On that day he contracted, by a written agreement with Beers, the plaintiff, to sell him the land for $30,000; at that time Beers knew nothing of any claim of Hubbard's wife to any actual or constructive interest in the land.

On December 29th, 1924, Hubbard executed a mortgage to his wife, Annis B. Hubbard, for $25,000, upon this land. At that time Hubbard owed his wife that sum. His wife then knew of his agreement to sell the land to Beers, and that Beers had paid $5,000 upon the purchase price. It is the law in this State, that if one, with full knowledge that the owner of land has contracted to sell it to another, takes title to it, he takes title subject to all the equities of him who has contracted to purchase it. *Shelinsky* v. *Foster,* 87 Conn. 90, 87 Atl. 35. The judgment rendered is in compliance with this rule of law.

There is no error.