■ PHILIP ROBINSON et al., Appellants, v. WALLACE G. OAKLAND, JR., et al., Respondents.— Judgment of the Supreme Court, Nassau County, entered August 16, 1968, affirmed, with one bill of costs jointly to respondents filing separate briefs. No opinion. Rabin, Acting P. J., Hopkins and Martuscello, JJ., concur; Benjamin and Kleinfeld, JJ., dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: In our opinion, plaintiffs' proof made out a prima facie case and it therefore was error to dismiss the complaint at the close of their proof.

■ ABRAHAM STEINBERG et al., Respondents, v. JACK MEGA et al., Appellants.— In an action by vendees for specific performance of a contract for the sale of real property, defendants appeal from (1) an order of the Supreme Court, Queens County, dated February 9, 1968, which granted plaintiffs' motion for summary judgment to the extent of directing an assessment of damages for loss of bargain, recovery of down payment, and reasonable title examination costs, (2) a judgment of said court entered April 4, 1968 in favor of plaintiffs after an assessment of damages in the amount of $5,200, and (3) a resettled judgment of said court dated June 18, 1968, which, inter alia, severed the action from one brought by Alvin Bruce Roper against defendants for recovery of brokerage commissions. By stipulation, the total amount of the resettled judgment, $5,455, was reduced to $2,455, the difference having been paid to plaintiffs. Order and resettled judgment modified, on the law, by striking from the order the words " and reasonable costs for examination of title," and further reducing the total amount of the resettled judgment by $200, the amount awarded for cost of title examination, plus the interest thereon which was included therein. As so modified, order and resettled judgment affirmed (Shultz & Son v. Nelson, 256 N. Y. 473, 476–477). Appeal from judgment entered April 4, 1968 dismissed as academic. Said judgment was superseded by the resettled judgment. Respondents are awarded a single bill of costs to cover all the appeals. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ JAMES M. STEVENSON, by His Guardian ad Litem, DOROTHEA STEVENSON, et al., Appellants, v. ROBERT WALKER et al., Respondents.— In a negligence action to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from two judgments of the Supreme Court, Putnam County, dated November 1, 1966 and December 28, 1966, respectively, the former in favor of defendant Kilgore upon the trial court's dismissal of the complaint as to him at the close of plaintiffs' case upon a jury trial, and the latter in favor of plaintiffs against defendant Walker upon a jury verdict of $3,000 (which plaintiffs claim was inadequate). Judgment dated November 1, 1966 reversed, on the law, and, as between plaintiffs and defendant Kilgore, action severed and new trial granted, with costs to appellants to abide the event. No questions of fact were considered. In our opinion plaintiffs established a prima facie case as against defendant Kilgore. It was, therefore, error to dismiss the complaint as to him. Judgment dated December 28, 1966 affirmed, without costs. No opinion. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.