### ALBERT C. FIELD, Inc., v. KIESER et al.

(Supreme Court, Appellate Term.    June 21, 1912.)

1. FRAUDS, STATUTE OF (§ 118*)—MEMORANDA—PAROL EVIDENCE TO IDENTIFY.
    Where, in an action on a sale contract consisting of two separate writings, it is sought to take the contract out of the statute of frauds by imputing one memorandum by reference into the other, evidence of the identity of the memorandum referred to may be supplied by parol evidence clearly identifying it.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 262–265; Dec. Dig. § 118.*]

2. FRAUDS, STATUTE OF (§ 158*)—MEMORANDUM—SUFFICIENCY OF EVIDENCE.
    In an action on a sale contract consisting of a letter and a telegram, uncontradicted proof of a sale of 10,000 bushels of July oats by plaintiff to defendants, and of an unanswered letter mailed by plaintiff to defendants on the day of the transaction, presumptively received by the defendants, and deemed a contract by the custom and usage of trade, was sufficient to establish that the letter was incorporated by reference into the defendants' subsequent telegram to plaintiff reading, "No delivery made on July oats contract ten thousand bushels considered same canceled," and took the sale contract out of the statute of frauds.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 373–376; Dec. Dig. § 158.*]

Appeal from City Court of New York, Trial Term.

Action by Albert C. Field, Incorporated, against Fred Kieser and another, copartners doing business under the firm name and style of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. Kieser & Son. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Francis L. Field, of New York City (Henry Willis Smith, William T. Tomlinson, and Raeburn W. Jenkins, all of New York City, of counsel), for appellant.

Charles A. Hitchcock, of New York City, for respondents.

LEHMAN, J. Plaintiff sues upon a contract made on or about the 7th day of May, 1907. On that day the plaintiff wrote and mailed to the defendants the following letter:

"May 7, 1909.

"F. Kieser & Son—Dear Sirs: I beg to confirm my sale to you to day: 10 m. Bus. Standard wht. oats, at 58½ cents per bushel. C. I. F. Haverstraw, Erie. Shipment, July. To be billed. Western official certificates of weight and grade final. Draft payable at sight with proper documents attached. Excluding date of sale, time of shipment dates from receipt of full shipping instructions and excludes Sundays and legal holidays. Terms in this contract final. If not correct, advise me at once. In writing or wiring, please refer to ` Albert C. Field, Inc.,
"By A. C. Field, Pres."

It was shown at the trial that it is the usage in the grain trade to send a letter of similar form—

"on the evening of the day when you had a transaction about the grain to the person you had a contract with. It is also the custom and usage of the trade that, if no advice is received from the party you have sent it to, the contract mailed is adopted as the written contract between the parties."

No answer was received to this letter, and the plaintiff shipped the grain at the end of July. On August 2d the defendants telegraphed to plaintiff:

"No delivery made on July oats contract ten thousand bushels considered same canceled."

[1] The plaintiff claims that this telegram incorporates the terms of the letter written by them, and is a sufficient memorandum to take the case out of the statute of frauds. The telegram, while stating that defendants considered the contract on July oats canceled by failure to deliver, admits, by fair construction, that a contract for 10,000 bushels of July oats was made. The letter of May 7, 1909, written by the plaintiff, concededly contains all the terms of a complete contract, and would be sufficient to take the case out of the statute of frauds as against the plaintiff. If, therefore, the letter can be incorporated in and read with the telegram, the defendants have signed a memorandum setting forth the complete terms of the agreement, even though, at the same time, they state that they regarded it as canceled. In the case of Brauer v. Oceanic Steam Nav. Co., 178 N. Y. 339, 344, 70 N. E. 863, 865, it was said:

"A note or memorandum sufficient to take a contract out of the operation of the statute of frauds must state the whole contract with reasonable cer-

tainty, so that the substance thereof may be made to appear from the record itself without regard to parol evidence."

This rule, however, does not mean that extrinsic evidence may not be given for the purpose of identifying an object named in the memorandum (Waring v. Ayres, 40 N. Y. 357), and it is well established that, where one memorandum is imputed by reference or annexation into another one, evidence of the identity of the memorandum referred to may be supplied by parol (Abbott's Trial Evidence [2d Ed.] pp. 358, 359). This parol evidence must, of course, be sufficient to identify this memorandum clearly, leaving no room for a fair dispute as to the contract referred to.

[2] In this case I think the evidence is amply sufficient for the purpose. The uncontradicted proof shows that on August 2d the plaintiff had no other transaction with the defendants than the sale of 10,000 bushels of July oats, as set forth in the complaint; that a letter setting forth the terms of the sale in writing was mailed to the defendants, and presumably received by them; that this letter was never answered; that it was denominated a "contract"; and that, by custom and usage of trade, if unanswered, such a letter is adopted as the contract of the parties. It seems to me that, so long as this evidence is uncontradicted, it established that the "contract" referred to was the letter of May 7th, and incorporated that letter by reference into the telegram. See Beckwith v. Talbot, 95 U. S. 289, 24 L. Ed. 496; Cave v. Hastings, 7 Q. B. D. 125.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.