New York Oversea Co., Inc., Respondent, *v.* China, Japan and South America Trading Company, Ltd., Appellant.

Supreme Court, Appellate Term, First Department, May Term — Filed June, 1922.

Sales — order for paper by sample — reply by seller that it would match samples " as closely as possible " does not make contract — court will not make contract for parties.

Where defendant by a letter to plaintiff ordered a certain quantity of paper " to be identical to sample," a statement in plaintiff's letter in reply that " We will instruct our factory to match samples as closely as possible " is not an acceptance of the order.

Upon the trial of an action to recover damages for defendant's breach of the alleged contract in refusing to accept delivery of certain paper, the plaintiff undertook to prove a custom of the trade to the effect that where a proposed acceptance slightly modified the original order given, but was not excepted to immediately, it was considered as the contract.   *Held*, that assuming that the custom had been proved and shown to be general and binding upon the plaintiff, the fact that it contravened an established principle of the law of contracts would of itself render it incompetent.

*Field, Inc.*, v. *Kieser*, 77 Misc. Rep. 105, distinguished.

Although it appears from letters confirming subsequent interviews between the parties that both may have been under the impression that some agreement had been concluded between them, it is clear that neither of them knew what it was and the court has no judicial means of ascertaining their intention.

A judgment in favor of plaintiff after a trial without a jury reversed and the complaint dismissed upon the merits, with costs, for failure to prove that the alleged contract was made.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of plaintiff, after a trial by a judge without a jury.

*Putney, Twombly & Putney* (*Walter H. Griffin*, of counsel), for appellant.

*Satterlee, Canfield & Stone* (*K. T. Frederick* and *James Adikes*, of counsel), for respondent.

Bijur, J.   This action was brought to recover damages for defendant's breach of contract in refusing to accept delivery of certain paper.   The alleged contract between the parties consisted of two letters, one written May 18, 1920, by the defendant ordering a certain quantity of paper " to be identical to sample No. 878 shown in your sample booklet.   We particularly caution you that this paper must be equal in every respect in quality, color and finish to that shown in your booklet."   Plaintiff's alleged acceptance of June 8, 1920, describes the goods to be furnished " as per our sample No. 878 " and quotes " extract from letter from our Mill:  ' In making up these papers we will instruct our factory to match samples attached to your letter as closely as possible.' "

It is quite clear that on familiar principles this exchange of letters evidenced no meeting of the minds of the parties.   The order (even quite apart from the additional " caution ") purchasing goods " identical to sample " was not accepted by the statement " we will instruct our factory to match samples as closely as possible."

" A proposal to accept the offer if modified or an acceptance subject to other terms and conditions was equivalent to an absolute rejection of the offer made by the plaintiffs."   *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310, 319.

Plaintiff, apparently appreciating this fatal divergence, undertook at the trial to prove a custom of the trade to the effect that where a proposed acceptance " modified " the original order " slightly " and was not " excepted to immediately " it was considered as the contract. Assuming even that the custom had been proved and had been shown to be general and binding on the defendant, the outstanding consideration would still remain that it contravened an established principle of the law of contracts which in itself would render it incompetent.

" Usage and custom can not be proved to contravene a rule of law." *Hopper* v. *Sage*, 112 N. Y. 530, 535.

In its brief on appeal plaintiff, respondent, points to *Field, Inc.,* v. *Kieser*, 77 Misc. Rep. 105, as authority for the competency of proof of custom substantially as offered in the instant case. When that case is examined, however, it will be found that the proof of custom, so far as appears, was not objected to and that the reference to that evidence in the opinion of this court was solely as identifying the subject-matter of a subsequent communication from one of the parties in the nature of an attempted cancellation which was held to be a sufficiently specific memorandum to take the case out of the Statute of Frauds. No such or similar question is presented in the instant case.

On this appeal also respondent urges that both parties must have understood plaintiff's acceptance as constituting the contract because of subsequent interviews to which plaintiff's witnesses testified and two letters written by plaintiff confirming those interviews, the letters being dated June sixteenth and August seventeenth respectively. These letters make no reference to either the offer or acceptance, but I think it might be a reasonable if not conclusive presumption from their content that the final communication, namely, plaintiff's acceptance of June eighth, was thereby assumed to be the agreement. Unfortunately, however, on September 17, 1920, the plaintiff wrote to the defendant: " We consider your orders as notice to us that a delivery of other paper *not identical in quality, color and finish will be rejected,*" and then follow other quotations from defendant's original offer of May eighteenth. It is perfectly clear, therefore, that while both parties may have been under the impression that some agreement had been concluded between them, neither knew what it was and we have no juridical means of ascertaining their intention. Aside from this fundamental defect in plaintiff's cause of action the present judgment could not be allowed to stand for failure of plaintiff to properly prove damages for the alleged breach of the supposed contract. No attempt was made to prove any market

price, plaintiff contenting itself with the assumption that since the identical paper could only be obtained from the same manufacturer anything which he charged was the market price. Apart from the fact that on plaintiff's own theory that the " acceptance " constituted the contract, and that, therefore, the " identical " paper was not required to be furnished, there is no basis whatsoever for assuming that anything that a particular manufacturer might charge was the market price for his product at any particular time. In view of our opinion, however, that no contract was entered into, this last point becomes academic.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

GUY and MULLAN, JJ., concur.

Judgment reversed.