## MANSFIELD MOTORS, INC v FREER

Ohio Appeals, 5th Dist, Richland Co

Decided Jan 20, 1932

William F. Voegele, Mansfield, for plaintiff in error.

Charles H. Workman, Mansfield, for defendant in error.

**LEMERT, J.**

The principal questions at issue in the case are as follows:

First: The rights and obligations of plaintiff in error and Defendant in Error grow out of a certain lease.

Second: The liability of the plaintiff in error for certain damages growing out of the breaking of some plate glass on said premises.

We note from a copy of the lease, marked Exhibit "A", which provides in part as follows:

"The defendant in error, Joseph Freer, as lessor, leased certain premises situate in the City of Mansfield, Ohio, to the plaintiff in error, as Lessee, for a period of one year, commencing on April 1st, 1927, at a rental of $262.50 per month, payable monthly in advance on the first day of each and every month thereafter."

Said lease contains a provision as follows:

"Lessor also gives an option to lessee to renew this lease for an additional term of 3 years on the same terms and conditions as a part and consideration of this lease providing 60 days notice of its intention to renew is given to the lessor in writing."

Upon the terms of this lease, the plaintiff in error entered into possession of said premises on the first day of April, 1927 and continued in said possession until the first day of April, 1930, and paid all the rentals for said period at the rate of $262.50 up to April 1st, 1930.

On said April 1st, 1930, the plaintiff in error vacated said premises and thereafter said premises remained vacant for several months and the defendant in error sued for recovery of rentals in the amount of $262.50.

It is conceded that this amount represents rentals covering the period after said premises were vacated by plaintiff in error up to and including the time they were re-rented by the defendant in error to other parties.

It is conceded that no notice was ever given by plaintiff in error to defendant in error in writing or otherwise, signifying his intention to renew said lease on the same terms and conditions for an additional term of 3 years.

It is conceded that the plaintiff in error, without giving any notice in writing, remained in said premises from April 1st, 1928 to April 1st, 1930, said period being two years longer than the term stipulated for in the first instance which was for the term and period of one year. The defendant in error claims that the plaintiff in error, be remaining in possesion of said premises, thereby became bound for the additional period of 3 years. The plaintiff in error claims it was not bound for any additional period to exceed one year at a time from the expiration of the original term specified in the lease.

With reference to the law that we believe should and does govern this case, we note that the Court of Appeals in this District in **32 Oh Ap 40,** sitting in Knox County on April 22, 1920, gave utterance upon the identical question that is now presented to this Court in the instant case wherein said Court held:

"Lease—For a 5-year Term—last three years to be at Option of Lessee on giving notice—Lessee remains in possession without giving Notice—Nature of Tenancy, etc."

"First, a lease stipulating a term of 5 years for an agreed sum payable in monthly installments in advance on the first day of each month, and providing that the last 3 years of said term of 5 years is to be at the option of the Lessee on the giving of 90 days notice, in writing, immediately preceding the expiration of said 2 year period of his intention to occupy for the 3 years following, terminates at the end of the second year if the notice is not given.

Second, in case the Lessee, without giving such notice, holds over and pays the stipulated rent, be becomes a tenant from year to year.

Third, the holding over beyond the 2 year period and paying the rent without having given the notice to extend the term will not alone be sufficient to constitute an election to extend the term for the period provided by the Option."

In the case above quoted, it was argued that the lessee became bound for the last 3 years simply because he remained in possession after the termination of the first 2-year period.

The Court therein very aptly considered the decisions which were offered in support of this contention and then held as above indicated, the court by such decisions indicated that in order to hold the lessee to such extension, it was necessary for said lessee to give lessor notice of such extension in writing. In other words, the lessee required some positive act to be complied with or else the lessee required no acts nor was the lessor bound in any way to respect such extension.

There are to be found numerous cases wherein it has been held, remaining in possession after expiration of said period, amounts to and is equivalent to an intention to hold.

We find no fault with such holdings on the special statement of facts to be found in such cases. However, it is quite easy and proper to differentiate the present case from such cases.

We note that the Courts make a distinction between a covenant to renew a lease and make a provision confering on the lessee the privilege of extending his term. In the former case, some positive act on the part of the parties or notice by the tenant is required, a merely holding over by the tenant for a portion of the extended term in the absence of a stipulation for notice in the lease, is sufficient notice, and constitutes an election to hold for an additional or extended term.

If a lease requires a notice for the extension of the term, it is essential to the extension that the notice be given.

The Courts of Ohio and other jurisdictions have held that such intention is not shown by merely holding over and if the rental is received by the lessor, it will be a holding from year to year and the lessee will not be bound to pay the rent for the remaining period provided by the option or privilege contained in the lease if he should quit the premises at the end of any year.

Now referring to the claim for negligence in the breaking of a certain plate glass window in the premises, we note it is claimed that the plate glass window in question was broken by the negligence of the plaintiff in error. This negligence is denied and plaintiff in error says that said window was broken through inherent defects in the window sash and in the fitting in and not by reason of any fault or neglect on the part of the plaintiff in error. Plaintiff in error claims that the judgment rendered on this claim should be reversed for two reasons.

First, that in order for the defendant in error, plaintiff below, to recover on such claims, it must prove the negligence on the part of the plaintiff in error.

Second, that the judgment on said claim rendered below is not supported by any evidence, and in fact, is contrary to the weight of the evidence. Negligence is never presumed but must be established by evidence adduced.

There is very little evidence in the record on this proposition or contention of the parties and a careful examination of the evidence produced on that subject convinces us that there was an utter failure on the part of the plaintiff below to produce the proof that the plate glass window was broken through the negligence of the defendant below and that the record fails to show by the weight of the evidence such to be the fact.

Referring again to the lease, we note that there is nothing in the lease to indicate or to charge the plaintiff in error with the replacement of the glass and the plaintiff in error could not be charged with the replacement of glass unless the said plaintiff in error was responsible for the breaking of the glass or unless it was the result of negligence by it or some of its servants.

The lease contains the following conditions:

"And at the expiration of this lease, to surrender said premises in as good condition as they now are or may be put in by said lessor, reasonable wear and unavoidable casualties, condemnations or appropriations excepted."

Construing §4113, Rev. St., it has been held that a covenant in a lease to deliver up premises in as good condition and repair as the same shall be put in by the lessor at the commencement of the term, the natural wear and decay excepted, is a covenant to make such repairs only as would ordinarily arise under their occupancy, and does not include extraordinary conditions resulting from injury to or destruction of the premises by fire, or the elements, and does not prevent the application of said section.

No recovery can be had on a claim for alleged negligence unless the same is shown and there is nothing in the record before us that would indicate or even from which an inference could be drawn that the plaintiff in error or any of its servants were guilty of any negligence.

Therefore, entertaining the views as herein before expressed, we are of the opinion that error has intervened in this case and a Jury having been waived in the instant case, we find and believe that the finding and judgment of the Court below was wrong.

It, therefore, follows that this case will be and the same is hereby reversed and cause remanded to the lower Court for further proceedings according to law.

SHERICK, PJ and MONTGOMERY, J, concur.