HERMAN GALVIN ET AL. v. EVA M. SIMONS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued January 7—decided March 6, 1942.

*James M. Lynch,* for the appellant (defendant).

*Luke H. Stapleton,* for the appellees (plaintiffs).

JENNINGS, J. In this suit the plaintiffs sought to enjoin the prosecution of an action of summary process brought by the defendant to recover possession of a tenement owned by her in the town of Cheshire and to require her to renew a lease in accordance with its terms. The facts found in so far as they are relevant to the decisive questions raised by the appeal are as follows: The defendant is the owner of a duplex house in Cheshire with garage and a barn on the premises. In October, 1938, the plaintiffs and defendant negotiated for a lease to the former of the northerly half of the house, space for one car in the garage and also the right to use the barn for manufacturing purposes.

The lease was drafted by the defendant's attorney, given to the plaintiffs and executed and acknowledged by them. It ran from October 10, 1938, to April 30, 1941. The following agreement for renewal was included: "It is further agreed that the Lessees shall have the right to the renewal of this lease for an additional one-year period, provided that written notice of an intention to demand such a renewal is delivered to the Lessor by the Lessees at least ninety (90) days prior to the 30th. day of April, 1941."

After the lease had been executed by the plaintiffs,

they delivered it to the defendant. She told them that she would execute the lease and leave it for record at the town clerk's office the next day but has neither executed the lease nor had it recorded. Relying on her promise the plaintiffs made no further inquiry but were of the opinion that the lease had been duly executed and recorded. They lost their copy of the lease and were under the impression that the privilege of renewal could be exercised within sixty days before the expiration of the original term. The plaintiffs entered into possession of the premises, have continued to occupy them ever since and have paid the monthly rental specified. In accordance with the terms of the lease the plaintiffs made various alterations and improvements in the barn for the better conduct of their business. The taxable value of the material and equipment used by the plaintiffs is $500 and their expense of moving would be about $100. Subsequent to the occupation of the premises by the plaintiffs, relations between them and the defendant became strained.

On February 12, 1941, the plaintiffs sent the following notice to the defendant:

"This letter will advise you that as per the terms of our lease we are taking our option as stated in the lease. We will therefore remain here for the period stated in the lease, viz., May 10th, 1941 to May 10th, 1942."

The premises are convenient for the operation of the plaintiff's business and other space is not available in Cheshire for that purpose. On April 26, 1941, the plaintiffs received a notice to quit possession of the premises on or before May 6, 1941, and on May 9, 1941, they were summoned to appear before a justice of the peace on the 15th day of that month to answer a suit for possession of the premises. On May 14th the plaintiffs brought this suit praying for relief as in-

dicated above. The defenses interposed were the Statute of Frauds and failure to give notice of a desire to renew within the ninety-day period specified in the lease, and the case was tried on these issues. The trial court concluded that to permit the defendant to interpose the defense of the statute would work a fraud on the plaintiffs and that, in effect, she was estopped by her conduct from so doing. It also held that, under all the circumstances, the seventy-seven day notice given was sufficient.

An agreement to lease premises for a term of more than one year is within the Statute of Frauds. *Simons v. New Britain Trust Co.*, 80 Conn. 263, 267, 67 Atl. 883. Treating the provision for a renewal of the lease as being in effect one for the extension of the term, as the parties evidently regarded it (*Ackerman v. Loforese*, 111 Conn. 700, 704, 151 Atl. 159), the lease was required to be signed by the party to be charged. General Statutes, § 5982. The plaintiff lessees are seeking to charge the defendant lessor and she did not sign the lease. Therefore they cannot prevail unless their contention that the lessor is estopped to set up the defense of the statute is good.

The plaintiffs in their brief base this claim on fraud and on part performance. The claim of fraud in the ordinary meaning of the term is not well supported by the subordinate facts of the finding, but there is sufficient part performance to make out a case of constructive fraud. The doctrine of part performance as related to the Statute of Frauds is based on estoppel. *Wolfe v. Wallingford Bank & Trust Co.*, 124 Conn. 507, 515, 1 Atl. (2d) 146; 75 A. L. R. 650, note. Entry and payment of rent under a lease, especially when no denial of its validity is asserted or indicated by the lessor until just before the expiration of the original term, may constitute such part performance as to

estop the lessor from setting up the defense of the Statute of Frauds. *Andrews* v. *Babcock,* 63 Conn. 109, 119, 26 Atl. 715. In view of the promise of the defendant to sign and record the lease, her acquiescence in the entry and occupation by the plaintiffs, her acceptance of rent and the alterations and improvements they made in the premises, we cannot say that the conclusion of the trial court that she could not now interpose the defense of the statute was unreasonable.

The rule with reference to the late notice of renewal is thus expressed in *Fountain Co.* v. *Stein,* 97 Conn. 619, 626, 118 Atl. 47: "But in case of mere neglect in fulfilling a condition precedent of a lease, . . . equity will relieve when the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally the condition precedent of the lease." This rule was followed in *Petterson* v. *Weinstock,* 106 Conn. 436, 445, 138 Atl. 433, and reexamined and reaffirmed in *Xanthakey* v. *Hayes,* 107 Conn. 459, 469, 140 Atl. 808. Here there is no hint of loss to the lessor from the use of the property by the plaintiffs for an additional year; in addition to the cost and inconvenience of moving it is expressly found that no space is available in Cheshire for the purposes of the lessees; and thirteen days' delay is a small percentage of the ninety-day notice required. The plaintiffs' copy of the lease was lost through no fault of their own. On the whole, we cannot say that the trial court abused its discretion in finding the notice sufficient.

The defendant also discusses the question of breach of covenant by the plaintiffs but this was not raised at the trial and will not be considered. Practice Book, § 363.

Through a clerical error, the judgment required a one-year renewal from "May 10, 1941." This date should read "April 30, 1941" and the judgment should be corrected accordingly.

There is error in the form of judgment only and the case is remanded with direction to correct the judgment in the respect noted in this opinion.

In this opinion the other judges concurred.