[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs brought this action against the defendant alleging breach of contract. The plaintiffs claim that the defendant agreed to sell a lawn irrigation business to the plaintiffs. The Court finds that the plaintiffs failed to prove, by a preponderance of the evidence, that a contract existed. The Court further finds that there was never a meeting of the minds, between the parties, to enter into a contract.
The Court enters judgment for the defendant on both counts of the complaint. The defendant shall also be entitled to costs.
Facts
The plaintiff (the Court refers to Salvatore Santangelo as the plaintiff, since Josephine Santangelo did not testify at the time of trial) and the defendant entered into discussions in 1998 concerning the possible sale of a lawn sprinkler business. The defendant owned the business.
The discussions ended at some time in 1998, when the plaintiff was no longer interested in buying the business. In 1999 the defendant contacted the plaintiff and reactivated discussions. The plaintiff and the defendant discussed a proposed sale for several months. In December, 1999 the plaintiff sent a proposal by e-mail to the defendant. (Plaintiffs Exhibit A). This document was never signed by the defendant. Plaintiff admitted at trial that Exhibit A does not constitute a contract.
Plaintiff then sent (by e-mail) another proposal to defendant, dated January 6, 2000. This was never signed by defendant. Plaintiff admitted at trial that Exhibit B does not constitute a contract.
Plaintiff's lawyer, Attorney Erik Young, sent a set of documents to the defendant on January 29, 2000. (Exhibit C.) The documents attached to that letter were all dated February 18, 2000. The January 29, 2000 cover CT Page 12902 letter from Attorney Young refers to the documents as a "proposed" contract. (Exhibit C.) The letter instructed the defendant to take the documents to an attorney for review, or to contact Attorney Young, if the defendant was handling this transaction himself and if he had any questions.
The "proposed" contract was never signed by either party. The plaintiff never gave the defendant a deposit. The parties never agreed on all the terms of an agreement. There were unresolved issues regarding payment terms, a non-compete clause, and other issues.
Although there were discussions between the plaintiff and defendant after January 29, 2002, there was no evidence presented to support a finding that the unresolved issues were agreed upon.
Issues
Did the parties enter into a binding written contract?
If the parties did not enter into a binding written contract, did they enter into an enforceable oral contract?
Did any actions of the defendant constitute partial performance to make any contract enforceable?
Law
The answer to all three questions is "No".
A contract requires an offer, acceptance and consideration. At best, the documents in Exhibit "C" constitute an offer. There has been no evidence presented that the "offer" (or "proposed contract" was accepted by the defendant. There also was no evidence presented that the plaintiff gave the defendant any "consideration" in connection with any agreement.
"The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence. . . . To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties." (Internal quotation marks omitted.)Lussier v. Spinnato, 69 Conn. App. 136, 140, 794 A.2d 1008 (2002). The parties never had a "meeting of the minds". CT Page 12903
If there had been a meeting of the minds, any contract resulting would have been required to be in writing, signed by both parties. CGS §52-550 (5). In this case, no such document exists. The "proposed" contract provided for a non-competition clause, restricting defendant's ability to compete for two years. Therefore, this would have been a contract providing for performance longer than one year. This means the contract is within the Statute of Frauds, and must be in writing.
"No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (5) upon any agreement that is not to be performed within one year from the making thereof. . . ." General Statutes § 52-550. "Where the time for performance is definitely fixed at more than one year, the contract is, of course, within the [S]tatute [of Frauds]." Burkle v. Superflow Mfg. Co.,137 Conn. 488, 492-93, 78 A.2d 698 (1951); see American Federal Group,Ltd. v. Rothenberg, 136 F.3d 897, 909 (2d Cir. 1998) ("Non-compete covenants having the requisite duration . . . are covered by [the Statute of Frauds].); see also Modisett v. Jolly, 286 N.E.2d 675, 681
(Ind.Ct.App. 1972) (Finding that a provision in a partnership agreement, requiring a doctor to refrain from practicing within a 35 mile radius for 5 years, made the agreement impossible to terminate within one year and therefore placed the agreement within the Statute of Frauds); see alsoFranz v. Parke, 729 P.2d 1068, 1071 (Idaho 1986) (holding that the possible termination by death does not remove a five year covenant from the statute of frauds).
The plaintiff claims the contract is enforceable based on the doctrine of partial performance.
"The doctrine of part performance as related to the Statute of Frauds is based on estoppel." Galvin v. Simons, 128 Conn. 616, 619, 25 A.2d 64
(1942). "[A] contract is enforceable, despite the statute [of frauds], when, subsequent to the making of the contract, there has been conduct that amounts to part performance." Heyman v. CBS, Inc., 178 Conn. 215,222, 423 A.2d 887 (1979). "Thus, an agreement, previously unenforceable because of its indefiniteness, may become binding if the promise on one side of the agreement is made definite by its complete or partial performance." Geary v. Wentworth Laboratories, Inc., supra,60 Conn. App. 627.
"[T]he acts of part performance generally must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other CT Page 12904 party, and be such acts as alter the relations of the parties. . . . The acts must also be of such a character that they can be naturally and reasonably accounted for in no other way than the existence of some contract in relation to the subject matter in dispute. . . ." (Internal quotation marks omitted.) Levesque Builders, Inc. v. Hoerle,49 Conn. App. 751, 756, 717 A.2d 252 (1998).
In this case, the plaintiff is not entitled to an equitable remedy under the doctrine of part performance. While the plaintiff claims that he partially performed the contract, he has failed to present any evidence to support this conclusion. The plaintiff argues that the acts constituting "partial performance" include: training seminars, account fees, attorney fees, financing costs to secure money, home renovation, and lost time from work. The plaintiff has failed to demonstrate that these acts were anything other than the normal investigation work required when looking into the possible purchase of a business. Moreover, the evidence fails to demonstrate that the acts were of such a character that they can be naturally and reasonably accounted for in no other way than the existence of some contract in relation to the subject matter in dispute. Therefore, the plaintiffs' actions would not constitute partial performance of the contract, even if there had been a "meeting of the minds".
However, in this case, there never was any agreement either oral or in writing. Both the acknowledge that the documents attached to the January 29, 2000 letter (Exhibit C) only constituted a "proposed" contract. Nothing happened after that date to change that document into a legally binding contract.
Conclusion
The Court finds for the defendant on both counts of the complaint.
The Court orders the plaintiff to pay court costs to the defendant. Defendant's counsel to submit a Bill of Costs to the clerk within two weeks.
SO ORDERED
BY THE COURT,
___________________, J. J. Kaplan, J. CT Page 12905