COLLOTON, Circuit Judge,
dissenting.
The question presented on this appeal is whether The J.M. Smucker Company is entitled to equitable relief from strict enforcement of a lease with Commercial Resource Group, LLC on a commercial building in West Fargo, North Dakota. Smucker intended to terminate the lease on June 30, 2010, but due to what the district court described as “an honest mistake in mailing,” Smucker’s notice to terminate arrived four days after the January 1 deadline set by the lease. Applying North Dakota law, the district court granted equitable relief, observing that the notice arrived shortly after the deadline, Commercial Resource Group suffered no demonstrable injury from the slight delay, and an order requiring Smucker to pay hundreds of thousands of dollars in back rent and utilities would be an unconscionable result. The district court’s equitable ruling accords with North Dakota law and should be affirmed.
We know that North Dakota is likely to allow equitable relief from option contracts in appropriate cases, because the state supreme court said so in two decisions. In Western Tire, Inc. v. Skrede, 307 N.W.2d 558 (N.D.1981), the court observed that decisions from other jurisdictions have granted equitable relief to parties who failed timely to exercise an option to renew a lease, where “the delay is slight, the delay has not prejudiced the landlord, and the failure to grant relief-would result in such hardship to the tenant as to make literal enforcement of the renewal provision unconscionable.” Id. at 562 (citing Fletcher v. Frisbee, 119 N.H. 555, 404 A.2d 1106 (1979); L.S. Tellier, Annotation, Effect of Lessee’s Failure or Delay in Giving Notice Within Specified Time, of Intention to Renew Lease, 44 A.L.R.2d 1359 (1955)). The court in Western Tire rejected a lessee’s claim and distinguished authorities granting relief, but gave no indication that equitable relief is categorically unavailable in North Dakota.
In Langer v. Bartholomay, 745 N.W.2d 649 (N.D.2008), the North Dakota court said more explicitly that equitable relief is available in appropriate circumstances:
A court may invoke its equitable powers and an option may nevertheless be enforced even if the holder failed to exercise it within the specified time if: (1) the delay is slight, (2) the delay has not prejudiced the other party, and (3) a failure to grant relief would result in such hardship as to make literal enforcement of the option unconscionable.
Id. at 658. The North Dakota court thus followed the analysis of the Corbin treatise on contracts concerning missed deadlines in option contracts. See 1 Joseph M. Per-illo, Corbin on Contracts § 2.15, at 203 (rev. ed.1993). “[T]he determination of the court turns not on a single factor but on balancing the equities between the par *797 ties.” Id. (internal quotation omitted). Equitable relief “is often for the purpose of avoiding an inequitable forfeiture, but even where no inequitable forfeiture will occur, specific performance or other appropriate remedy will nevertheless be given if there has been such reliance on the promise as to make literal compliance with the option limitation unconscionable.” Id. at 202.
There is no genuine dispute here on the first two elements of Smucker’s claim for equitable relief under the test outlined in Langer. Smucker’s delay in giving notice to terminate the lease was slight. The four-day delay did not prejudice Commercial Resource Group. The dispositive question is whether failure to grant relief would result in such hardship as to make literal enforcement of the deadline unconscionable.
What sort of hardship would the North Dakota court consider unconscionable? The best indication comes from authorities cited by that court in explaining the equitable rule. When a lessee gives untimely notice to renew a lease, literal compliance may be unconscionable where the lessee has made “valuable improvements to the property” that would be lost if the lessee were required to relocate. Langer, 745 N.W.2d at 658. The loss of a strategic location, associated goodwill, three pieces of unmovable equipment, and $25,000 in moving costs was enough to show substantial harm justifying relief. Fletcher, 404 A.2d at 1109 (cited in Western Tire, 307 N.W.2d at 562). So too was the inability to recoup a lessee’s full investment in equipment that had been operated for ten years of the fifteen required, significant reduction in value of personal property that had to be removed, and loss of goodwill established over ten years. Trollen v. City of Wabasha, 287 N.W.2d 645, 648 (Minn.1979) (cited in Langer, 745 N.W.2d at 658). Another example of unconscionable hardship involved a loss of $142,038 in improvements, the possible inability to use for tax purposes up to $100,000 in operating losses and depreciation, and the continuing liability for outstanding loans and mortgages in the amount of at least $112,000. Aickin v. Ocean View Invs. Co., 84 Hawai'i 447, 935 P.2d 992, 994 n. 3 & 1001 (1997) (cited in Langer, 745 N.W.2d at 658). See also Am. Houses, Inc. v. Schneider, 211 F.2d 881, 883-84 (3d Cir.1954) ($250,000 in losses, including lost improvements and moving expenses) (cited in Annotation, 44 A.L.R.2d at 1362); JNA Realty Corp. v. Cross Bay Chelsea, Inc., 42 N.Y.2d 392, 397 N.Y.S.2d 958, 366 N.E.2d 1313, 1316-18 (1977) (loss of $55,000 in property improvements and “a considerable amount” of customer good will) (cited in Fletcher, 404 A.2d at 1109); Galvin v. Simons, 128 Conn. 616, 25 A.2d 64, 65-66 (1942) ($600 in costs plus inconvenience of moving and inability to find a new location in the same area) (cited in Annotation, 44 A.L.R.2d at 1364); Xanthakey v. Hayes, 107 Conn. 459, 140 A. 808, 811 (1928) (loss of business good will and $4,000 in improvements) (cited in Annotation, 44 A.L.R.2d at 1364).
The hardship suffered by Smucker measures up to that deemed sufficient to justify equitable relief in the authorities referenced by the North Dakota Supreme Court. Under the majority’s approach, Smucker is required to pay $279,450.55 in rent payments and utility costs on a building for which it has no use. As of December 2009, Smucker notified Commercial Resource Group and others that it would close the plant in West Fargo and consolidate its operations in one manufacturing facility. Production had dropped off and demand no longer justified operating the plant; a plant in Kentucky could take over all production. Smucker ceased operations in West Fargo in April 2010, allowing *798 two months to shut down and disassemble the plant before the expiration of the lease term in June 2010. Some parts of the building and its improvements were disassembled and sent to Kentucky. Another fifty to sixty pieces of equipment were sold at auction. By June 30, 2010, Smucker had vacated the building.
Under these circumstances, the district court aptly concluded that to require Smucker to pay hundreds of thousands of dollars in back rent and utilities — when CRG suffered no demonstrable prejudice from a slight four-day delay in receipt of Smucker’s notice to terminate — would be an unconscionable result that justifies equitable relief under North Dakota law as best it can be discerned. I would affirm the judgment of the district court.